IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUY CLARK; LINDA CORWIN;
CRAIG CORWIN; WESLEY HANCHETT;
RICHARD JONES; MICHAEL WRIGHT; and
SAN JUAN AGRICULTURAL WATER USERS ASSOCIATION,

       Plaintiffs,

v.                                           Civ. No. 21-1091 KG/SCY

DEB HAALAND, in her official capacity as
Secretary of the Interior;
CAMILLE C. TOUTON, in her official capacity as
Deputy Commissioner,
United States Bureau of Reclamation;
MARTHA WILLIAMS, in her official capacity as
Principal Deputy Director, U.S. Fish & Wildlife Service;
DR. RUDY SHEBALA, in his official capacity as
Executive Director, Navajo Nation Division of Natural Resources;
DAVID ZELLER, in his official capacity as head of
Navajo Indian Agricultural Products Industries;
MIKE HAMMAN, in his official capacity as
State Engineer of the State of New Mexico; and
ROLF SCHMIDT-PETERSON, in his official capacity as
Director of the New Mexico Interstate Stream Commission,

       Defendants.[1]

ORDER FOR SUPPLEMENTAL BRIEFING

       This matter comes before the Court *sua sponte*.  Upon review of the Complaint (Doc. 1),

Motions to Dismiss (Docs. 14, 15, 16), and applicable briefing, the case appears as a collateral

attack on the New Mexico Court of Appeals' ruling in *State ex rel. State Engineer v. United

States*, 2018-NMCA-053, 425 P.3d 723.  If so, the *Rooker-Feldman* doctrine may bar this entire

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Mike Hamman, as the current State
Engineer of the State of New Mexico, is automatically substituted for John D'Antonio, the
predecessor New Mexico State Engineer.

suit and is integral to subject matter jurisdiction.  *See PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010); *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004).

The *Rooker-Feldman* doctrine generally "precludes lower federal courts 'from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'"  *Jenson*, 603 F.3d at 1193 (quoting *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006)).  The doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  *Rooker-Feldman* does not, however, "bar federal-court claims that would be identical even had there been no state-court judgment; that is, claims that do not rest on any allegation concerning the state-court proceedings or judgment."  *Bolden v. City of Topeka*, 441 F.3d 1129, 1145 (10th Cir. 2006)). That is, *Rooker-Feldman* jurisprudence emphasizes the relief sought by federal-court plaintiffs and asks "whether the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks redress."  *Mo's Express*, 441 F.3d at 1237 (emphasis in original); *compare Mo's Express*, 441 F.3d at 1238 (concluding suit seeking prospective injunctive and declaratory relief not barred because "federal suit would not reverse or otherwise 'undo' the relief granted by the" state court), *with Mann v. Boatright*, 447 F.3d 1140, 1147 (10th Cir. 2007) (concluding suit seeking damages related to compliance with state probate orders barred because success on the claims "would require the district court to review and the reject [the probate court's] judgments").

2

For this reason, the Court finds supplemental briefing on the applicability of the *Rooker-Feldman* doctrine will materially aid the Court's analysis.  In their submissions, the parties should explain why the New Mexico Court of Appeals' decision may or may not be reviewed by this Court, and whether granting Plaintiffs the requested relief would "undo" that judgment in any way.  The parties will file their supplemental briefs no later than 5:00pm on Friday, August 12, 2022, and will be limited to ten (10) pages.  Unless otherwise ordered, additional briefing will not be entertained.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE